IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD SPORT,

          Plaintiff,

vs.

CONTINENTAL WESTERN INSURANCE
COMPANY, an Iowa foreign corporation;
GEICO GENERAL INSURANCE
COMPANY, a Maryland foreign corporation,

          Defendants.

Case No. 04-1386-JTM

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant GEICO General Insurance Company's (hereafter "GEICO") Motion to Dismiss (Dkt. No. 9). Defendant contends that plaintiff's claim for uninsured motorist (hereafter "UM") benefits from GEICO fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff responds that GEICO's motion is premature.

**I. FACTUAL BACKGROUND**

Plaintiff's complaint alleges that plaintiff was involved in an accident on or about January 22, 2003, with an uninsured motorist by the name of David Sheats. Complaint ¶ 7. At the time, plaintiff was permissively operating a vehicle owned by Bill Schrader and/or Schrader Brothers Construction. Complaint ¶¶ 7-8. Plaintiff alleges that he sustained injuries because of Mr. Sheats' negligence. Complaint ¶ 8. Since Mr. Sheats is uninsured, plaintiff seeks UM benefits

under the insurance policy issued by Continental Western Insurance Company (hereafter "Continental Western") to Mr. Schrader and/or Schrader Brothers Construction for the vehicle involved in the accident. Complaint ¶ 11. The limits of such coverage are alleged to be at least $500,000. Complaint ¶11. Plaintiff also claims entitlement to UM benefits under a policy of automobile insurance issued by GEICO for a vehicle owned by plaintiff that was not involved in the accident. Complaint ¶ 14. The limits of such coverage are alleged to be at least $50,000. Complaint ¶ 14.

## II. MOTION TO DISMISS

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and must view them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. ANALYSIS

The general rule in Kansas on UM benefits provides that "where two primary policies contain excess 'other insurance' clauses, the excess clauses are treated as mutually repugnant and the loss is prorated between the insurers. However, where a vehicle owner's policy and a policy

providing nonowned vehicle coverage to the driver have conflicting excess 'other insurance' clauses, the vehicle owner's policy is deemed primary and the driver's policy excess." Narron v. Cincinnati Ins. Co., 97 P.3d 1042, 1044 Syl. ¶ 5 (Kan. 2004).

Kansas law also prevents stacking of insurance policies. The relevant statute provides that:

> Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident.

Kan. Stat. Ann. § 40-284(d). In other words, the statute prohibits an injured party from claiming benefits from multiple policies in excess of the maximum recoverable from any single policy. See Eidemiller v. State Farm Mut. Auto Ins. Co., 261 Kan. 711-12, 933 P.2d 748 (1997).

GEICO's UM benefits policy incorporates the principles outlined in Kansas law. GEICO's policy states that:

> When an insured occupies an auto not described in this policy, this insurance is excess over any other similar insurance available to the insured and the insurance which applies to the occupied auto is primary.
>
> Except as provided above, if the insured has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the insured has other insurance against a loss covered by the Uninsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

Dkt. No. 9, Exhibit A, at p. 12. The first paragraph incorporates the same principle as in Kansas law on primary and excess coverage. The second paragraph incorporates an anti-stacking policy and further elaborates on GEICO's approach to sharing liability.

3

After reviewing the parties' arguments, the court finds that defendant GEICO may be dismissed from this action. In applying Kansas law to the facts of this case, the court finds that Continental Western is the primary insurer since it is the vehicle owner's policy and that GEICO is the excess insurer. In conformance with Kan. Stat. Ann. § 40-284(d), plaintiff may only recover the maximum available under any one policy, which is the $500,000 available under Continental Western's UM benefits. The state anti-stacking statute prevents plaintiff from recovering in excess of $500,000. Under these facts, the $50,000 available under GEICO's policy is subsumed by the $500,000 available under Continental Western's policy. As a result, plaintiff does not have an action against GEICO at this time.

Alternatively, plaintiff argues that the court should grant plaintiff leave to amend his complaint. However, plaintiff has not presented a single ground on which leave to amend should be granted. Thus, the court denies this request at this time. If plaintiff still seeks to amend his complaint, plaintiff should file a motion stating his arguments in accordance with the applicable federal rules.

IT IS ACCORDINGLY ORDERED this 25th day of May, 2005, that the court grants defendant's Motion to Dismiss (Dkt. No. 9) and dismisses defendant GEICO without prejudice.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE