IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD SPORT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CONTINENTAL WESTERN** )<br>**INSURANCE COMPANY,** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 04-1386-KMH |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion in limine. (Doc. 53). Specifically, plaintiff seeks an order excluding any evidence of plaintiff's criminal convictions. Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART. The following background provides context for the motion and the court's ruling.

### Background

This is an action to recover insurance benefits related to a January 2003 traffic accident. Highly summarized, plaintiff was driving his employer's truck (Bill Schrader and/or Schrader Brothers Construction) on K-96 Highway in Sedgwick County, Kansas. David Sheats, an uninsured motorist, was traveling in the same direction and drove into the

back of plaintiff's dump truck.[1]  Plaintiff contends that the accident injured his spine, neck, back, and left leg and required multiple surgeries.  Because Mr. Sheats was uninsured, plaintiff seeks "uninsured motorist" insurance benefits from defendant who insured the dump truck.  Defendant contends that the rear-end collision to the dump truck did not cause the injuries and damages alleged by plaintiff.

Plaintiff's criminal history includes the following convictions and parole dates:

a. attempted theft, class E felony, conviction date July 18, 1980, Wyandotte County, Case No. 79 CR. 0782A, paroled 1981;

b. robbery, class C felony, conviction date May 15, 1983, Wyandotte County, Case No. 82 CR 0760, paroled 1987;

c. theft, class E felony, conviction date May 18, 1990, Wyandotte County, Case No. 89 CR 2300A, paroled 1991;

d. attempted burglary, class E felony, conviction date May 18, 1990, Wyandotte County, Case No. 89 CR2300A, paroled 1991;

e. theft, class E felony, conviction date May 18, 1990, Wyandotte County, Case No. 89 CR 2300A, paroled 1991;

f. attempted arson, class D felony, conviction date July 10, 1992, Wyandotte County, Case No. 91 CR 1098, paroled 1998; and

g. aggravated assault, class D felony, conviction date July 10, 1992, Wyandotte County, Case No. 92 CR 299A, paroled 1998.[2]

As noted above, plaintiff seeks an order in limine excluding *any* evidence of his convictions.

---

[1] Mr. Sheats apparently fell asleep while driving.  For purposes of this lawsuit, defendant agrees that Mr. Sheats caused the accident.

[2] Plaintiff completed his parole on December 14, 2000 and is no longer supervised by the Kansas Department of Corrections.

**Motion in Limine**

Plaintiff argues that evidence of his criminal convictions is inadmissible under Fed. R. Evid. 401and 402 because none of the convictions are relevant to this motor vehicle accident or his injuries. Defendant counters that (1) plaintiff's seven prior convictions are admissible for purposes of impeachment under Fed. R. Evid. 609 and (2) plaintiff's medical history is relevant to his damage claims in this case. The issue of whether or not plaintiff's convictions are admissible under Rule 609 for purposes of impeachment is discussed in greater detail below.[3] However, the circumstances surrounding plaintiff's injuries and medical treatment while in prison are clearly relevant because they involve the same areas of the body he claims were injured in the 2003 vehicle accident.[4] Accordingly, plaintiff's

---

[3] Rule 609 relates only to the admission of prior convictions *for purposes of impeachment.* The only basis of relevance for the "convictions" suggested by defendant is impeachment. On the other hand, Rule 609 does not apply to plaintiff's prison injuries and medical history because such evidence goes to causation and the extent of plaintiff's injuries.

[4] Defendant proffers that plaintiff's prison medical records reflect the following:

| | |
|---|---|
| January 1980 | Plaintiff injured his lower back when he slipped and fell against a pipe while pushing a wheelbarrow; |
| August 1980 | Plaintiff fell down 10 steps causing headaches, blurred vision, numbness in his legs and a low back injury; |
| August 1986 | Plaintiff strained a muscle in his low back lifting weights; |
| March 1987 | Plaintiff injured his low cervical spine while |

suggestion that his prior injuries and prison medical records are somehow inadmissible under Fed. R. Evid. 401 and 402 is rejected. Plaintiff's motion in limine concerning his prior injuries and medical history is denied.

With respect to the convictions and Rule 609, plaintiff argues that (1) five of the convictions are barred by the time limit in Rule 609(b) and (2) the remaining two convictions (arson and aggravated assault) should be excluded because they are more prejudicial than probative. Defendant counters that the seven convictions should be allowed because "plaintiff has a documented history of dishonest acts and criminal conduct" and continued such dishonesty by giving false information to his doctors about the accident and his injuries. Defendant argues that plaintiff's credibility is a major issue in this case and that the jury should be informed of his convictions. For the reasons set forth below, the convictions shall be excluded from the evidence at trial.

Fed. R. Evid. 609(b) contains the following time limit concerning the admission of a prior conviction:

> (b) Time Limit. Evidence of a conviction under this rule is **not admissible if a period of more than ten years has elapsed** since the date of the

---

                                        lifting laundry;

March 1990      Plaintiff sustained an injury and infection to his lower left leg; and

November 1997   Plaintiff fell off the back of a tractor and injured his low back.

> conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, **unless** the court determines, in the interests of justice, that **the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.**

(Emphasis added). Plaintiff's first five convictions and related releases from prison all occurred more than ten years ago; thus, the convictions are inadmissible unless defendant establishes, through "specific facts and circumstances" that the probative value of the convictions substantially outweighs its prejudicial effect.

Clearly, the admission of the prior convictions is prejudicial because a reasonable jury would draw negative inferences and conclusions concerning plaintiff without hearing any other evidence in the case. Moreover, the court is not persuaded that defendant has carried its burden of showing that the probative value of the convictions *substantially* outweighs its prejudicial effect. Although defendant contends that plaintiff's convictions (attempted theft, robbery, theft, and attempted burglary) reflect dishonesty, no specific facts or circumstances have been offered showing that plaintiff's prior convictions are in anyway remotely similar to his claims for damages in this case. Equally important, the convictions are relatively remote in time, occurring 15 to 25 years ago. Under the circumstances, the court declines to allow the admission of the first five convictions.

Because plaintiff was released from prison in 1998 for his last two convictions (attempted arson and aggravated assault), the 10-year time limit and balancing test in Rule 609(b) are not applicable to those convictions and the analysis shifts to Fed. R. Evid. 609(a). Rule 609(a)(1) provides:

> evidence that a witness other than an accused has been convicted of a crime shall be admitted, **subject to Rule 403**, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted....

(Emphasis added). Plaintiff's convictions for attempted arson and aggravated assault were both punishable by imprisonment in excess of one year. Accordingly, the court must balance the admission of the two convictions under Fed. R. Evid. 403.

Rule 403 provides:

> Although relevant, evidence may be **excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury**, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Again, the court notes that the admission of the two convictions would be prejudicial to plaintiff because a reasonable jury would draw negative opinions concerning plaintiff without hearing any other evidence. On the other hand, the two convictions have limited probative value because the crimes do not, on their face, suggest that plaintiff engaged in lying or misrepresentation. Under the circumstances, the court is persuaded that the probative value of plaintiff's convictions for attempted arson and aggravated assault is substantially outweighed by the danger of unfair prejudice. Accordingly, the court will also exclude plaintiff's two most recent convictions from the trial.

The final issue before the court is whether defendant, while presenting evidence or cross-examining witnesses concerning plaintiff's prior injuries and medical history, may disclose that the injuries and treatment occurred while plaintiff was in prison. Since the convictions are inadmissible, the court is of the opinion that references to "prison" would

confuse the jury. Equally important, the probative value of the fact that plaintiff was *in prison* when certain injuries and treatment occurred is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence that plaintiff was in prison shall be excluded under Fed. R. Evid. 403. Although plaintiff's prior injuries and medical history are admissible, such evidence shall be presented without reference to plaintiff's incarceration.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine (Doc. 53) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of March 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge