**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DONALD SPORT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 04-1386-KMH** |
| ) | |
| **CONTINENTAL WESTERN** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 15, 2006, the court conducted a telephone conference to address plaintiff's motion in limine (Doc. 78). Brad Pistotnik and Dustin DeVaughn appeared on behalf of the plaintiff. Marc Powell appeared on behalf of the defendant. The court's rulings are set forth below.

**1. Additional Medical and Employment Records**

Plaintiff seeks an order precluding defendant from utilizing any "prior medical, psychological, psychiatric, chiropractic, or employment records" not identified by defendant during discovery or listed in the final pretrial order. The court declines to enter such an order because the motion contains no mention of any specific record in dispute. More importantly, Fed. R. Civ. P. 37(c)(1) already establishes the parameters and sanctions concerning a party's

failure to disclose information during discovery. The court will address any Rule 37(c)(1) violations if and when a specific violation is presented to the court. Accordingly, plaintiff's request for a pretrial order concerning unspecified "additional medical and employment records" is DENIED.[1]

## 2. Collateral Source Payments

Plaintiff moves to preclude defendant from referencing payments which plaintiff may have received (or is receiving) such as PIP payments, Medicare, Medicaid, health insurance benefits or workers compensation benefits. Plaintiff's motion shall be granted. The issues the jury is being asked to resolve in this case are causation and the nature and extent of plaintiff's injuries; thus, the probative value of evidence that plaintiff received benefits from a collateral source is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Civ. P. 403.[2] Therefore, plaintiff's motion to preclude defendant from introducing evidence of a collateral source is GRANTED.

---

[1] During the conference plaintiff's counsel expressed concern over the possibility that a videotape was made in connection with plaintiff's workers compensation proceedings. Defense counsel represented that he was not planning to use such a tape and was unaware of the tape's content. Before any videotape is presented or even referenced during the trial, defendant must make a motion out of the jury's presence to use such a tape.

[2] There is an issue in this case concerning an offset for workers compensation benefits under the terms of defendant's insurance policy. However, by agreement of the parties, the offset issue will be addressed by the court in post-trial proceedings.

**3. Increase in Insurance Rates**

Plaintiff seeks an order precluding defendant from arguing or suggesting to the jury that a verdict for plaintiff might result in an increase in insurance rates. Such arguments have no relevance to this case; thus, plaintiff's motion to preclude arguments or suggestions concerning insurance rates is GRANTED.

**4. Plaintiff's Illegal Drug Use**

Plaintiff moves for an order precluding defendant from referencing or presenting evidence that plaintiff used illegal intravenous drugs in the early 1980s. The court is persuaded that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion. Accordingly, plaintiff's motion to preclude such evidence is GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine (Doc. 78) is GRANTED IN PART and DENIED IN PART, consistent with the rulings expressed herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of March 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge