**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DONALD SPORT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 04-1386-KMH |
| ) | |
| **CONTINENTAL WESTERN** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 21, 2006, the court conducted an evidentiary hearing on plaintiff's motion for sanctions and also heard argument on defendant's "objection" to Dr. Moskowitz's causation opinion. Following the hearing the court issued a Memorandum and Order granting plaintiff's motion and denying defendant's "objection." (Doc. 107). This matter is before the court on defendant's motion to reconsider. (Doc. 108). For the reasons set forth below, defendant's motion shall be DENIED.

**I. Sanctions for Discovery Misconduct**

Highly summarized, the issue of sanctions relates to defendant's failure to timely disclose and produce a series of photographs taken by defendant's claims adjustor two days

after the accident in question.[1]  After considering the evidence and the parties' arguments, the court found that defendant's adjustor "knowingly provided an incorrect and misleading interrogatory answer under oath."  <u>Memorandum and Order</u>, Doc. 107, p. 9.  Defendant moves for reconsideration, arguing that the finding that the adjustor acted "knowingly" should be amended.

Defendant concedes that a mistake was made and that the adjustor "should have known" that his interrogatory answer was incomplete.  However, defendant argues that there is no evidence that the adjustor acted "knowingly."  The court disagrees.  Defendant's adjustor, John Adams, signed a verification under oath stating that he had read the interrogatories and that the statements "are true and correct to the best of his knowledge and belief." However, Adams did not disclose photographs which *he had taken* when responding to a pointed interrogatory about the existence of photographs related to the accident or the vehicles involved.  Contrary to defendant's arguments, the record contains substantial evidence that Adams knowingly gave an incorrect and misleading response to the

---

[1] The chronology of events and circumstances related to plaintiff's motion for sanctions are described in detail in Doc. 107 and will not be repeated.

interrogatory.[2]  Accordingly, defendant's motion to reconsider findings related to the issue of sanctions is denied.

## II. Defendant's Untimely Daubert Motion

Defendant also seeks reconsideration of the court's ruling that defendant's delay in filing a Daubert motion concerning Dr. Moskowitz's opinions reflected a strategy of "sandbagging" and "trial ambush."[3]  Defendant argues that the court's characterization is unfair because Dr. Moskowitz's "evidentiary" deposition was not taken until after the Daubert deadline had passed.

---

[2] The photographs highlight the damage caused to the dump truck and evidence the force which impacted the back of plaintiff's truck.  The force of impact and its relation to plaintiff's back injuries are major issues in this case.  Adams conceded during the hearing that the photographs are important evidence.

Adams has 18 years' experience adjusting claims and his normal practice and the practice in the industry is to inspect and photograph the damaged vehicle for use in evaluating insurance claims.  Consistent with this practice, Adams inspected the plaintiff's vehicle on January 24, 2003 (two days after the accident) and took detailed photographs from various angles of the damaged portion of the truck showing the twisted under-ride guard and torn I-beam.  Copies of the pictures were stored (1) on a floppy disc retained in Continental's "paper" file and (2) in Continental's computer files.  In addition, Adams made a contemporaneous entry on his computer diary for this particular insurance claim showing that he had taken photographs of the truck.   Moreover, Adams' explanation that he did not disclose his photographs because he thought the pictures were "already in evidence" is not credible.  This is not a case where an individual forgot about or did not know of the existence of the photographs when answering the interrogatory.

[3] Although characterized as an "objection," plaintiff's filing is a clearly a Daubert motion.

Defendant's disingenuous argument is rejected. Plaintiff provided a March 21, 2005 report from Dr. Moskowitz expressing opinions on (1) the cause of plaintiff's medical problems, (2) a diagnosis, and (3) prognosis.[4] After receipt of the report, *defendant deposed Dr. Moskowitz in December 2005.* Defendant had ample opportunity to evaluate Dr. Moskowitz's opinions before the January 31, 2006 deadline for the filing of a Daubert motion. Under the circumstances, defendant's delay in filing its Daubert motion until four calendar days before trial cannot be excused.[5] Accordingly, the court declines to reconsider its findings concerning defendant's Daubert motion.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration **(Doc. 108)** is **DENIED.**

Dated at Wichita, Kansas this 3rd day of May 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Although Dr. Moskowitz is not a *retained* expert, plaintiff provided a report concerning his opinions.

[5] For reasons unimportant to this opinion, Dr. Moskowitz was unavailable to testify in person at trial and plaintiff found it necessary to take his trial deposition. Defendant does not argue or suggest that Dr. Moskowitz changed any opinions expressed in either his March 2005 report or December 2005 deposition.

-4-